UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Loudir Machado De Oliveira

      v.                                              Civil No. 26-cv-471-LM-AJ
                                                        Opinion No. 2026 DNH 095 P
Strafford County Department of
Corrections, Superintendent et al

## O R D E R

Loudir Machado De Oliveira petitions for a writ of habeas corpus under 28 U.S.C. § 2241, generally alleging that his present civil immigration detention is unlawful.[1] Respondents object. Doc. no. 5. For the following reasons, De Oliveira's petition (doc. no. 1) is denied.

## STANDARD OF REVIEW

This court may grant a writ of habeas corpus to a person held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The petition "may be resolved on the merits without [an evidentiary] hearing when, as here, the material facts are not in dispute." Cummings v. Fed. Corr. Inst., Berlin, Civ. No. 22-cv-468-SM-AJ, 2024 WL 1256068, at *1 (D.N.H. Mar. 25, 2024). The petitioner has the burden of proving that his confinement is unlawful. Espinoza v. Sabol, 558 F.3d 83, 89 (1st Cir. 2009).

---

[1] De Oliveira's sole count is titled "Writ of Habeas Corpus" and does not specify on what basis he challenges his detention. Doc. no. 1 at 5.

## BACKGROUND[2]

De Oliveira is a Brazilian national who was admitted to the United States on a B-2 visitor visa in 2000.[3] He became a lawful permanent resident (LPR) on November 4, 2021. De Oliveira owns a barbershop, is married, and has two U.S.-citizen daughters.

On July 21, 2023, De Oliveira committed an indecent assault and battery on a person 14 or older, in violation of Massachusetts law. De Oliveira admitted to sufficient facts for a finding of guilty in Massachusetts state court, and the judge continued the case without a finding (CWOF) until October 3, 2024. The court placed De Oliveira on probation and ordered him not to abuse or contact the victim.

On June 24, 2024, De Oliveira committed another indecent assault and battery on a person 14 or older. De Oliveira once again admitted to sufficient facts for a finding of guilty, and the court granted another CWOF until October 22, 2026. De Oliveira remained on probation and was again ordered not to abuse or contact the victim and was required to attend counseling.

On April 12, 2025, De Oliveira committed a third indecent assault and battery on a person 14 or older. This time, De Oliveira pleaded guilty and the court sentenced him to two years in the house of correction with all but fifty days of his

---

[2] The following facts are drawn from the parties' filings and the attachments thereto. They are not in dispute.

[3] "A B-2 visa is issued to a 'visitor for pleasure' and permits the visitor to 'be admitted for not more than one year,' though the visitor 'may be granted extensions of temporary stay in increments of not more than six months each.'" Corado-Arriaza v. Lynch, 844 F.3d 74, 75 n.1 (1st Cir. 2016) (quoting 8 C.F.R. § 214.2(b)(1)).

sentence suspended. De Oliveira was also ordered to continue counseling, not to have contact with the victim, not to work as a barber, and to register with the Sex Offender Registry Board.

On May 19, 2026, agents from U.S. Immigration and Customs Enforcement (ICE) issued De Olveira a Notice to Appear and placed him in removal proceedings under 8 U.S.C. § 1229a. ICE charged De Olveira with being subject to deportation on the ground that he had been convicted of two crimes involving moral turpitude not arising out a single scheme of criminal conduct. See 8 U.S.C. § 1227(a)(2)(A)(ii). De Olveira was taken into custody and is currently detained at the Strafford County Department of Corrections.

On June 7, 2026, De Olveira filed this petition for a writ of habeas corpus.

## DISCUSSION

De Oliveira argues that he is entitled to immediate release, or a bond hearing. Although he does not specify why he believes his detention is unlawful, De Oliveira highlights his LPR status, the fact that he owns a barbershop, and his ties to the community. Respondents counter that De Oliveira's three convictions for indecent assault and battery subject him to mandatory detention under 8 U.S.C. § 1226(c) and that his detention does not offend due process. The court agrees with respondents.

Under 8 U.S.C. § 1226(c)(1)(B), the Attorney General "shall take into custody" any noncitizen who "is deportable by reason of having committed any offense covered in [8 U.S.C. §] 1227(a)(2)(A)(ii)." Section 1227(a)(2)(A)(ii) renders deportable

"[a]ny [noncitizen] who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct." The First Circuit has held that indecent assault as defined by the Massachusetts criminal code is a crime of moral turpitude. Maghsoudi v. I.N.S., 181 F.3d 8, 14-15 (1st Cir. 1999). Finally, under 8 U.S.C. § 1101(a)(48)(A), "convictions" include circumstances where the noncitizen "has admitted sufficient facts to warrant a finding of guilt" and "the judge has ordered some form of punishment, penalty, or restraint on the [noncitizen's] liberty to be imposed."

Here, De Oliveira's three separate convictions for indecent assault and battery on a person 14 or older place him squarely within the ambit of 8 U.S.C. § 1226(c)(1)(B)'s mandatory detention provision. De Oliveira admitted to facts sufficient for a finding of guilt in 2023 and 2024 and those cases were continued without a finding. De Oliveira was placed on probation, required to complete treatment, and was barred from contacting the victims. Thus, under 8 U.S.C. § 1101(a)(48)(A), these CWOFs qualify as convictions. De Oliveira's 2025 offense also qualifies as a conviction, as he pleaded guilty and received a 2-year jail sentence (with all but fifty days suspended), along with an additional term of probation, registry and treatment requirements, and restrictions on contact with the victim. Thus, because De Oliveira has been "convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct," § 1227(a)(2)(A)(ii), he is subject to mandatory detention under § 1226(c)(1)(B). See Jennings v. Rodriguez, 583 U.S. 281, 305-06 (2018) ("We hold

that § 1226(c) mandates detention of any [noncitizen] falling within its scope and that detention may end prior to the conclusion of removal proceedings 'only if' the [noncitizen] is released for witness-protection purposes." (quoting 8 U.S.C. § 1226(c)).

To the extent De Oliveira's petition can be read to assert that his detention violates his rights to due process under the Fifth Amendment, this claim is foreclosed by the Supreme Court's ruling in Demore v. Kim, 538 U.S. 510, 513 (2003). In that case, the Court held that where a noncitizen's detention is based on a prior conviction for a serious offense, mandatory detention under 8 U.S.C. § 1226(c) is constitutionally permissible—at least for a limited period of time. See id. at 529 (under § 1226(c), detention has "a definite termination point" and "in the majority of cases it lasts for less than . . . 90 days"). As De Oliveira does not argue that his (approximately 60-day detention) has become unreasonably prolonged, his due process claim fails.

## CONCLUSION

For all these reasons, De Oliveira's petition for a writ of habeas corpus (doc. no. 1) is denied. The clerk is directed to enter judgment and close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

July 21, 2026

cc:    Counsel of Record

5